IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIME SIMMONS<br>810 Brook Street<br>Scranton, PA 18505<br><br>vs.       Plaintiff<br><br><br>KRUPS USA, INC.<br>2121 Eden Road<br>Millville, NJ 08332,<br><br>—       Defendant | CIVIL ACTION - LAW<br><br><br><br><br><br>JURY TRIAL DEMANDED<br><br><br><br>No.: CV-15-2190 |

## COMPLAINT

AND NOW, comes the Plaintiff, Jaime Simmons, by and through her attorney, Comitz Law Firm, LLC, and hereby complains against the Defendant, Krups USA, Inc., as follows:

1. Plaintiff, Jaime Simmons, is an adult individual residing at 810 Brook Street, Scranton, PA 18505.

2. Defendant Krups USA, Inc., is a corporation duly organized and existing under the laws of the State of New Jersey, having a principal place of business located at 2121 Eden Road, Millville, NJ 08332, that is registered to do business in the Commonwealth of Pennsylvania (hereinafter referred to as "Krups").

3. At all times relevant hereto, Krups was engaged in the business of, *inter alia*, designing, manufacturing, assembling and/or supplying single-serving coffee machines.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Middle District, the parties are subject to personal jurisdiction in the Middle District, and because the Defendant resides and/or does business within the jurisdiction of the Middle District of Pennsylvania, and the events or omissions giving rise to Plaintiff's claim occurred within the jurisdiction of the Middle of Pennsylvania.

**Factual Allegations**

5. In or about August 2013, Plaintiff received a Krups K1010 Home Cafe Single Serving Coffee Machine ("coffee machine") as a house-warming gift.

6. The coffee machine is an automatic machine used to brew individual cups (1 or 2 at a time) of hot beverages.

7. The coffee machine operates by heating water in an internal heater and then pumps the water under pressure through tubing within the machine to the top of pod holders where it is forced through the pods.

8. During this process, the hot water is delivered under pressure.

9. Since users of coffee machines must be in close proximity to the machines in order to operate them, hot water that escapes from a machine during use exposes the user to a scald hazard and creates a dangerous condition.

10. On or about January 29, 2014, Plaintiff used the coffee machine to brew coffee.

11. Ten to fifteen minutes after pressing the brew button on the coffee machine, only a small amount of water had been dispensed, water had stopped coming out of the machine, and the machine appeared cool.

12. Plaintiff attempted to fix the dispensing issue without opening the upper lid to the coffee machine. As Plaintiff attempted to fix the dispensing issue, hot water was released from the upper lid of the coffee machine and the Plaintiff was scalded.

13. Specifically, Plaintiff suffered second-degree burns covering her upper chest and both breasts.

14. Additionally, Plaintiff's burned skin will have permanent discoloration and permanent scarring.

15. Plaintiff, Jaime Simmons, suffered painful and permanent injuries which include, but are not limited to, the following:

    a. Second-degree burns to the upper chest and both breasts;

    b. Permanent discoloration and scarring of the skin;

    c.    Loss of sensation and numbness for an indefinite period of time into the future;

    d.    Permanent nerve and oil glands damage;

    e.    Anxiety;

    f.    Depression;

    g.    Post-traumatic stress disorder.

16.    As a direct result of Plaintiff's injuries, she has:

    a.    endured chronic physical and mental pain and suffering and, upon information and belief, will continue to suffer chronic physical and mental pain in the future;

    b.    sustained scarring to her upper chest and both breasts and the permanent scarring and discoloration thereof;

    c.    incurred out of pocket medical expenses and liens and, upon information and belief, will continue to incur such expenses for an indefinite period of time into the future;

    d.    sustained psychological difficulties and problems, and upon information and belief, will continue to suffer psychological difficulties and problems fo ran indefinite period of time into the future; and

    e.    endured pain and suffering and emotional stress, humiliation, embarrassment, sleeplessness and loss of the enjoyment of life, and upon information and belief, will continue to do so for an indefinite period of time into the future.

17.    The coffee machine at issue, Krups KP1010, has a model number of HCE 12 1330 FPO.

18. At all times relevant hereto, Plaintiff operated the coffee machine pursuant to the procedure in the Krup's instruction manual.

## COUNT I – NEGLIGENCE
## JAIME SIMMONS V. KRUPS USA, INC.

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though fully set forth herein at length.

20. The incident noted herein and the resulting injuries and damages suffered by Plaintiff were caused by the negligence, carelessness and negligent omission of Krups in:

    a.    Failing to properly design, manufacture and/or assemble the coffee maker;

    b.    Designing, manufacturing and/or assembling the coffee machine in such a way as to permit the injuries and damages to have occurred to Plaintiff;

    c.    Designing, manufacturing and/or assembling the coffee machine without providing proper instructions/operations manuals;

    d.    Designing, manufacturing and/or assembling the coffee machine with instructions/ operations manuals which did not describe the circumstances under which the coffee machine could not be safely used, including, but not limited to, the scald hazard associated with opening the upper lid of the coffee machine;

    e.    Designing, manufacturing and/or assembling the coffee machine which lacked the necessary warnings and instructions for its intended use;

    f.    Designing, manufacturing and/or assembling the coffee machine so as to create unsafe conditions for Plaintiff and other similarly situated operators of Krup coffee machines, while performing a foreseeable task of opening the upper lid of the coffee machine;

    g.    Failing to adequately inspect, evaluate and test the coffee machine and its component parts, which tests and inspections would have revealed the existence of its dangerous, hazardous and defective condition;

    h.    Supplying a defectively designed, manufactured and/or assembled coffee machine directly or indirectly to plaintiff, which defects Krups knew or should have known existed and created an unreasonable risk of harm to Plaintiff; and

    i.    Otherwise failing to use due car under the circumstances.

21. The incident described above and the injuries and damages sustained by Plaintiff were directly and proximately caused by the negligence, carelessness and negligent omissions of Krups.

WHEREFORE, Plaintiff, Jaime Simmons, demands judgment against Defendant, Krups USA, Inc., in a sum in excess of fifty thousand ($50,000) dollars in damages with interests and costs and such other and further relief as this Honorable Court deems just and appropriate.

### COUNT II – STRICT LIABILITY/ PRODUCT LIABILITY
### JAIME SIMMONS V. KRUPS USA, INC.

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 above as though fully set forth herein at length.

23. Krups is strictly liable for any design, manufacturing and/or assembly defects in the coffee machine pursuant to Restatement of Torts § 402A.

24. The coffee machine was unreasonably dangerous at the time it left Krups's possession.

25. The coffee machine was defectively designed, manufactured and/or assembled because its normal and intended use posed an unreasonable risk of harm to Plaintiff.

26. Krups's failure to design and to effectively warn about the scald hazard out of the coffee machine made the machine unreasonably dangerous and unsuitable for its intended purpose.

27. The incident described above and the injuries and damages sustained by Plaintiff were directly and proximately caused by the defective and unreasonably dangerous condition of the coffee machine as noted herein.

WHEREFORE, Plaintiff, Jaime Simmons, demands judgment against Defendant, Krups USA, Inc., in a sum in excess of fifty thousand ($50,000) dollars in damages with interests and costs and such other and further relief as this Honorable Court deems just and appropriate.

[Signature blocks on next page]

DATED: _11-16-15_          BY:    */s/ Jonathan S. Comitz*
                                                    JONATHAN S. COMITZ, ESQ.
                                                    I.D. NO.: 90914
                                                    46 Public Square, Suite 101
                                                    Wilkes-Barre, PA 18701
                                                    (570) 829-1111
                                                    jcomitz@comitzlaw.com

                                                    */s/ Kristopher J. Januzzi*
                                                    KRISTOPHER J. JANUZZI, ESQ.
                                                    I.D. NO.: 310878
                                                    46 Public Square, Suite 101
                                                    Wilkes-Barre, PA 18701
                                                    (570) 829-1111
                                                    kjanuzzi@comitzlaw.com

                                                    */s/ Jeremy R. Weinstock*
                                                    JEREMY R. WEINSTOCK, ESQ.
                                                    I.D. NO.: 319120
                                                    46 Public Square, Suite 101
                                                    Wilkes-Barre, PA 18701
                                                    (570) 829-1111
                                                    jweinstock@comitzlaw.com

## VERIFICATION

I, Jaime Simmons, hereby aver and state that I have read the foregoing document which has been drafted by my counsel. The factual statements contained therein are true and correct to the best of my knowledge, information and belief although the language is that of my counsel, and, to the extent that the content of the foregoing document is that of my counsel, I have relied upon my counsel in making this Verification.

This statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false statements, I may be subject to criminal penalties.

_Jaime Simmons_
Jaime Simmons